[No. 24937. Department One. April 17, 1934.]

SCHOOL DISTRICT No. 103, CLARK COUNTY, *et al., Appellants,* v. NORRIS E. WILSON, *as County School Superintendent for Clark County, Respondent.*[1]

*Dan E. Hardin,* for appellants.

*Dale McMullen* and *Claude C. Snider,* for respondent.

MITCHELL, J.—This is an appeal from a judgment of the superior court for Clark county dismissing an appeal from an order of the county superintendent of schools dated June 30, 1933, consolidating certain school districts.

It appears that on September 14, 1932, after due and proper notice and proceedings, school district No. 103 and certain adjacent territory were consolidated into a new school district known as Green Mountain District No. 103. On June 30, 1933, Green Mountain Dis-

[1]Reported in 31 P. (2d) 533.

trict No. 103, Fargher Lake, Chelatchie, Yacolt and Amboy school districts were, by popular vote and an order of the county superintendent of schools, consolidated into what is known as consolidated district No. 105. It is this last order of consolidation that is contested in this case, the contention being that, after the order of September 14, 1932, consolidating district No. 103 with another district and territory, no portion nor all of it could, within five years of that date, be legally consolidated with any other district or districts.

At the date of the order in question, Rem. Rev. Stat., § 4734, was in effect, and, although it was amended in 1933 (chapter 75, Laws 1933, p. 359, § 2; Rem. 1933 Sup., § 4734), the appellants admit that the amendment in no manner affects the question involved in this case. Appellants rely on a provision in Rem. Rev. Stat., § 4734, which says:

". . . and when such consolidated district shall have been established no new district shall be established out of any portion thereof, or any portion thereof changed to another district within five years from such consolidation: . . ."

Appellants' argument is that the prohibition against establishing a new district out of any portion of the consolidated district or changing any portion thereof to another district within five years should be construed and held, for the purposes of this case, as prohibiting the taking of the whole of District No. 103 and consolidating it with one or more other districts.

In our opinion, that construction would do violence to the language of the statute. The statutes upon the subject of the formation and consolidation of school districts speak of the creation of new school districts, which, of course, means, or may mean, the taking of a part or portion of a school district; they speak of transferring a part of a school district to another

school district, and they speak of consolidation of school districts.

Webster's dictionary, 1927, defines the word "portion" as "A part of anything either separated from a whole or merely considered by itself without actual separation . . .; an allotted part; share."

Whether, therefore, it be considered from the viewpoint of the setting of the language in the statute or according to the usual, common meaning of the words, "any portion thereof," as used in the statute here, cannot be held to mean the entire school district.

Judgment affirmed.

BEALS, C. J., MAIN, STEINERT, and MILLARD, JJ., concur.